[S. F. No. 11498. In Bank.—October 31, 1927.]

GUY HYDE CHICK et al., Copartners, Appellants, v. B. F. WHITTON, Respondent.

[1] BROKERS' COMMISSIONS—FINDINGS—SUFFICIENCY OF EVIDENCE.—In this action to recover a certain sum as a real estate broker's commission for the sale of certain property, it is held that the evidence was sufficient to sustain the conclusion of the trial court that whatever the plaintiffs had done in the way of showing the defendant's property to a certain prospective purchaser had been done after they had apparently accomplished a sale of the property to others, and, having done so, were engaged in endeavors to achieve a resale in the interest of the latter and not the defendant; and that they were therefore not entitled to recover a commission from the defendant.

(1) 9 C. J., p. 618, n. 38.

APPEAL from a judgment of the Superior Court of Alameda County. Joseph S. Koford, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. D. Marx Greene for Appellants.

Clark, Nichols & Eltse for Respondent.

RICHARDS, J.—The plaintiffs herein, who, as copartners doing business under the firm name and style of Guy Hyde Chick Company, are real estate brokers, commenced this action to recover the sum of two thousand dollars from the defendant, alleged to be due as commission for the plaintiffs' services in the matter of the sale of certain real estate in the city of Berkeley. The basis of the plaintiffs' claim consisted in a written authorization executed by the defendant on October 2, 1923, addressed to the plaintiffs and reading in part as follows: "Please sell for me my property situate at No. —— Tunnel Road on the north side of Tunnel Road, known as Cheadle Hall in the Claremont Tract, Berkeley, together with the appurtenances, for the sum of Forty-two Thousand dollars ($42,000). Should you succeed in selling it, or should I sell it to anyone to whom you show the property, I will pay you five per cent of the price obtained." The plaintiffs in their complaint allege that the defendant is indebted to them in the sum of two thousand dollars for services rendered as real estate brokers inferentially by reason of the authorization contained in said writing. The defendant in his answer denies said indebtedness or that the same arose out of any services whatever performed for the defendant at his request or otherwise. Upon the submission of the cause the trial court made its findings of fact and conclusions of law, and in so doing found that "no services were performed by the plaintiffs for the defendant; that defendant did not agree to pay plaintiffs two thousand dollars or any other sum for services performed or to be performed; that nothing is due, owing or unpaid from the defendant to the plaintiffs"; and as a conclusion of law based thereon the court found "that the plaintiffs are not, nor is either of them, entitled to judgment or to the relief prayed for, or any relief; that the defendant is entitled to his costs." From the judgment accordingly entered the plaintiffs prosecute this appeal.

The facts elicited at the trial upon which the foregoing finding of fact and conclusion of law is based may be briefly stated as follows: Shortly after the above authorization of the plaintiffs to procure a purchaser for the defendant's property the plaintiffs succeeded in negotiating a sale thereof to two persons named Brown, husband and wife,

who, on October 3, 1923, paid a deposit of two thousand
dollars on account of the purchase price of said property,
and thereupon entered into an agreement in writing with
the owner for the completion of the purchase thereof upon
the terms set forth therein. Subsequently to the execution
of said agreement and while the same was apparently in
full force and effect, the plaintiffs, without any authorization
from the defendant, caused the property in question to be
surveyed and subdivided into a number of lots, and, having
done so, erected upon the property a large sign showing
that it was to be sold in subdivisions by or through the
plaintiffs, the name of the owner, however, nowhere appear-
ing upon said sign. They also caused blue-prints to be made
of the subdivision, which they sent forth to numerous other
real estate agents with letters indicating the rates or prices
which would be made upon the subdivided portions of the
premises. Thereafter and about the 1st of November one
H. T. Ghirardelli saw the aforesaid sign upon the property
and that the same was to be subdivided, and thereupon
telephoned to one of the plaintiffs and arranged to go, and
did go, to see the property within a day or two thereafter,
and thereupon made to the plaintiffs an offer of a trade
or exchange the other properties therefor, which offer was
not within the scope of the plaintiffs' authorization, and so
far as the record shows was never submitted to the owner.
During this negotiation the plaintiffs did not reveal the
name of the owner of the property to Ghirardelli, nor did
the latter know who its owner was; and there is some evi-
dence in the record which tends to show that in thus nego-
tiating with Ghirardelli the plaintiffs were dealing with the
property as though it was the property of the Browns or
was soon to become so under the latter's agreement of pur-
chase. The plaintiffs had no further dealings with Ghirar-
delli. The time limit under the Brown contract to purchase
the property expired on December 3, 1923. The Browns
defaulted and both the plaintiffs and the defendant treated
their default as amounting to a forfeiture of the two thou-
sand dollar deposit which they had made, and thereafter
and during the month of December the defendant paid over
to the plaintiffs one-half of said deposit under the provi-
sions of their said agreement, which contained a clause for
such division of the deposit in the event of forfeiture. Dur-

ing the month of December, 1923, Ghirardelli came into relation with another real estate firm, namely, Mason-McDuffie Company, which firm was also the holder of an authorization from the defendant to sell his said property, and thereafter and on December 31st a sale of the said property was consummated to said Ghirardelli and through the agency of said last-named firm of brokers. Thereafter the plaintiffs, having learned of such sale, demanded of the defendant the payment to them of a commission in the amount of two thousand dollars, upon the theory apparently that they had shown the property to Ghirardelli while acting as the agents of the defendant and were thus, under the terms of the contract, entitled to said commission. [1] The trial court, however, reached the conclusion as the result of its consideration of the foregoing evidentiary facts that whatever the said plaintiffs had done in the way of showing the defendant's property to Ghirardelli had been done after they had apparently accomplished a sale of said property to the Browns, and having done so were engaged in an endeavor to achieve a subdivision and resale thereof in the interest of the Browns and not the defendant. It seems entirely clear to us that the inferences which the trial court drew in that regard were fully justified by the evidence before it, and that this being so its findings and conclusions must be held to have been sustained by such evidence.

It follows that the judgment herein must be affirmed, and it is so ordered.

Shenk, J., Waste, C. J., Curtis, J., Langdon, J., Seawell, J., and Preston, J., concurred.